Argued and submitted March 16, appeal in case No. 87-DR-240 dismissed and order in case No. 84-219-P affirmed August 3, 1988

In the Matter of Scott Paul Sage,
a Minor Child.

CURETON et al,
*Appellants,*

*v.*

PHILBRICK,
*Respondent.*

(87-DR-240, 84-219-P; CA A44781)

758 P2d 404

William S. Judy, III, Grants Pass, argued the cause and filed the brief for appellants.

Brice L. Smith, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In case No. 87-DR-240, appellants seek review of a circuit court custody order.[1] The dispositive issue is whether the order is appealable. We conclude that it is not and dismiss the appeal.

Scott Sage was born in June, 1984. His mother, Lawana, was then 16 years old, unmarried and living with her mother in California. In July, 1984, Lawana moved with Scott to Oregon, where they lived with the Curetons, friends of her mother. Lawana attended school, did not do well and, eventually, was expelled. In October, 1984, she left Scott with the Curetons and returned to her mother in California. Before leaving Oregon, she signed papers naming Rachel Cureton as Scott's guardian.[2]

In October, 1986, Lawana petitioned to terminate the guardianship. *See* ORS 126.095. In March, 1987, the Curetons petitioned for custody of Scott on the ground that they had established a child-parent relationship with him. *See former* ORS 109.119(1).[3] The petitions were consolidated for hearing. After a hearing in April, 1987, the circuit court terminated the guardianship.

On the Curetons' petition, the court concluded that Scott's best interests would be served by slowly reintegrating

---

[1] Appellants' Notice of Appeal indicates that they appeal from the custody order in case No. 87-DR-240 and the "Order of Removal" in case No. 87-219-P. However, the only order attached to their notice of appeal is the "Temporary Custody Order" in case No. 87-DR-240, and all of their assignments of error and arguments are directed toward that order. In their brief, they assert that they seek reversal "of the award of custody of minor child to natural mother." We conclude that they have abandoned their appeal in case No. 84-219-P. Therefore, we affirm in that case.

[2] The attorney who represented the Curetons in the guardianship proceeding was disbarred for his conduct in that matter. *See In re Hawkins,* 305 Or 319, 751 P2d 780 (1988).

[3] *Former* ORS 109.119(1) provided, in relevant part:

"Any person including but not limited to a foster parent, stepparent, grandparent or relative by blood or marriage who has established emotional ties creating a child-parent relationship with a child may petition or file a motion for intervention with the court having jurisdiction over the custody, placement or guardianship of that child, or if no such proceedings are pending, may petition the circuit court for the county in which the minor child resides for an order providing for custody or placement of the child or visitation rights or other generally recognized rights of a parent or person in loco parentis."

ORS 109.119(1) was amended by Or Laws 1987, ch 810, § 1.

him with his mother. It awarded temporary custody to the Curetons, with specific visitation for Lawana. It ordered her to contact CSD or another acceptable agency and to participate in parent/child classes to develop her parenting skills. It directed that she have a psychological evaluation, but only if the Curetons were willing to pay for it. Finally, it ordered a review about nine months thereafter. On appeal, the Curetons argue that the custody order is in reality an award of permanent custody to Lawana and, therefore, is appealable. We disagree.

The order itself is unambiguous. It is titled "Temporary Custody Order." It awards temporary custody to the Curetons. Although it is clear that the court had tentatively decided to return Scott to his mother, it is also clear that the court found that a "period of reintegration" was indicated; and that Lawana needed to demonstrate her *bona fides*. The court stated its intention to monitor the situation for several months and not to make a permanent custody decision until it was satisfied that its tentative decision was correct. On these facts, we find no basis for an appeal.

*Hruby and Hruby,* 304 Or 500, 748 P2d 57 (1987), cited by appellants, is distinguishable. In *Hruby,* custody was awarded to the father. Because of concerns about an abrupt transfer of custody, the trial court ordered a gradual transfer over a period of ten months, and that the aunt be permitted visitations thereafter. 304 Or at 517. In this case, temporary custody has not been awarded to Lawana; it has been awarded to appellants.

Appeal in case No. 87-DR-240 dismissed; order in case No. 84-219-P affirmed.